# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. 10-cv-4235-PAM-SER |
| BRUCE F. PRÉVOST, DAVID W. HARROLD, PALM BEACH CAPITAL MANAGEMENT LP, and PALM BEACH CAPITAL MANAGEMENT LLC, | |
| Defendants. | |

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

Plaintiff, U.S. Securities and Exchange Commission ("SEC") filed a complaint in this matter, and Defendants Bruce F. Prévost ("Prévost"), David W. Harrold ("Harrold"), Palm Beach Capital Management LP ("PBCM LP") and Palm Beach Capital Management LLC ("PBCM LLC"), have, in their Consents hereto and incorporated herein (Docket Entries #12, #13, #14 and #15), acknowledged receipt of the complaint and admitted the personal jurisdiction of the Court over them and over the subject matter thereof, and without admitting or denying the allegations of the complaint, except as to jurisdiction, and without trial, argument or adjudication of any facts or law herein, consented to the entry of this Judgment of Permanent Injunction and Other Relief ("Judgment"). The SEC and the Defendants have waived the entry of findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure and

the Defendants have waived any right to appeal from this Judgment.  The Court having jurisdiction over the parties and the subject matter hereof, and being fully advised in the premises, hereby states:

## I.

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendants and all agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, employing any device, scheme or artifice to defraud, in violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)(1)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants and all agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with each of them who receive actual notice of this Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or engaging in any transaction, practice, or course of business which

operates or would operate as a fraud or deceit upon the purchaser, in violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§77q(a)(2) and 77q(a)(3)].

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants and all agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or any facility of any national securities exchange:

(a)   employing any device, scheme or artifice to defraud; or

(b)   making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants and all agents, servants, employees, attorneys, assigns, and persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined, while acting as an investment adviser,

by use of the mails, and the means and instrumentalities of interstate commerce, directly or indirectly, from knowingly, willfully, or recklessly:

    (a)    employing devices, schemes or artifices to defraud clients or prospective clients;

    (b)    engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (c)    engaging in any act, practice or course of business which is fraudulent, deceptive, or manipulative including, but not limited to, making untrue statements of a material fact and/or omitting to state a material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle;

in violation of Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b(6)-4 and Rule 206-4(8)] [17 C.F.R. § 275.206.4(8)] thereunder.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Prévost and Harrold and all agents, servants, employees, attorneys, assigns, and persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined, from aiding and abetting violations of Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b(6)-4 and Rule 206-4(8) [17 C.F.R. § 275.206.4(8)] thereunder, by knowingly, willingly, or recklessly providing substantial assistance to any person who, while acting as an investment adviser, by the use of the mails, and the means and instrumentalities of interstate commerce, knowingly, willfully, or recklessly:

    (a)      employs devices, schemes or artifices to defraud clients or prospective clients;

    (b)      engages in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (c)      engages in any act, practice or course of business which is fraudulent, deceptive, or manipulative including, but not limited to, making untrue statements of a material fact and/or omitting to state a material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants shall pay disgorgement of all ill-gotten gains and prejudgment interest on those amounts. The amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the SEC. Prejudgment interest shall be calculated from the date of Defendants' receipt of any such ill-gotten gains, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Upon motion of the SEC, the Court shall determine whether a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] is appropriate and, if so, the amount of the penalty. In connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the securities laws as alleged in the SEC's complaint; (b) Defendants may not challenge the validity of the Consents or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted and deemed true

by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the SEC's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### VII.

**IT IS FURTHER ORDERED** that the Consents of the Defendants are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall each comply with all of the undertakings and agreements set forth therein.

### VIII.

### RECORDS PRESERVATION

**IT IS FURTHER ORDERED** that the Defendants and all agents, servants, employees, attorneys, and persons in active concert or participation with any of them, be and they hereby are temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible or indecipherable in any manner, any of the books, records, documents, correspondence, ledgers, accounts, statements, files and other property of or pertaining to the Defendants or any entities owned, managed, or controlled by the Defendants or any matters described in the Complaint filed by the United States Securities and Exchange Commission in this action, however maintained and wherever located, until further order of this Court.

## IX.

## **NOTICE OF THIS ORDER**

**IT IS FURTHER ORDERED** that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of the SEC, to the Defendants, and to any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of this Order.

## X.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the SEC is expressly authorized to engage in continued discovery regarding any unresolved issue in this case with respect to the Defendants, including, but not limited to, discovery for the purposes of determining the amount of ill-gotten gains and civil penalties, if any.

## XI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the Judgment.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is hereby directed to enter this Judgment.

SO ORDERED:

                                                 s/Paul A. Magnuson  
                                                PAUL A. MAGNUSON  
                                                UNITED STATES DISTRICT JUDGE

Dated: April  20 , 2011