UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States Securities and Exchange Commission,

            Plaintiff,

v.

Bruce F. Prévost, David W. Harrold,
Palm Beach Capital Management LP, and
Palm Beach Capital Management LLC,

            Defendants.

Case No. 10-cv-4235 (PAM/SER)

**ORDER**

_____

Plaintiff U.S. Securities and Exchange Commission ("SEC") filed a complaint in this matter on October 10, 2014. (Docket No. 1.) Defendants Bruce F. Prévost ("Prévost"), David W. Harrold ("Harrold"), Palm Beach Capital Management LP and Palm Beach Capital Management LLC (collectively, "Defendants"), have, in Consents filed with the Court on April 8, 2011 and incorporated herein (Docket Nos. 12-15): (i) acknowledged receipt of the complaint, (ii) admitted the personal jurisdiction of the Court over them and over the subject matter thereof, (iii) without admitting or denying the allegations of the complaint, except as to jurisdiction, and without trial, argument or adjudication of any facts or law, consented to the entry of the Judgment of Permanent Injunction and Other Relief entered by the Court on April 22, 2011 (Docket No. 18); and (iv) waived the entry of findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure, and waived any right to appeal.

The SEC has now moved to dismiss its remaining prayers for monetary relief against all defendants and for entry of a final judgment. (Docket No. 19.) The Court having jurisdiction over the parties and the subject matter hereof, and being fully advised in the premises, **HEREBY ORDERS** that the motion is **GRANTED**. The prayers for disgorgement, prejudgment interest and civil penalties are **DISMISSED** from the Complaint, and final judgment is entered against all Defendants as follows:

1. Defendants and all agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, employing any device, scheme or artifice to defraud, in violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)(1)].

2. Defendants and all agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with each of them who receive actual notice of this Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or

indirectly, obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§77q(a)(2) and 77q(a)(3)].

3. Defendants and all agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or any facility of any national securities exchange:

(a) employing any device, scheme or artifice to defraud; or

(b) making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of

        Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

4. Defendants and all agents, servants, employees, attorneys, assigns, and persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined, while acting as an investment adviser, by use of the mails, and the means and instrumentalities of interstate commerce, directly or indirectly, from knowingly, willfully, or recklessly:

    (a) employing devices, schemes or artifices to defraud clients or prospective clients;

    (b) engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (c) engaging in any act, practice or course of business which is fraudulent, deceptive, or manipulative including, but not limited to, making untrue statements of a material fact and/or omitting to state a material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle;

     in violation of Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b(6)-4 and Rule 206-4(8)] [17 C.F.R. § 275.206.4(8)] thereunder.

5. Defendants Prévost and Harrold and all agents, servants, employees, attorneys, assigns, and persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined, from aiding and abetting violations of Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b(6)-4 and Rule 206-4(8) [17 C.F.R. § 275.206.4(8)] thereunder, by knowingly, willingly, or recklessly providing substantial assistance to any person who, while acting as an investment adviser, by the use of the mails, and the means and instrumentalities of interstate commerce, knowingly, willfully, or recklessly:

    (a)    employs devices, schemes or artifices to defraud clients or prospective clients;

    (b)    engages in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (c)    engages in any act, practice or course of business which is fraudulent, deceptive, or manipulative including, but not limited to, making untrue statements of a material fact and/or omitting to state a

        material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle.

6. Consents of the Defendants are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall each comply with all of the undertakings and agreements set forth therein.

7. Notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of the SEC, to the Defendants, and to any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of this Order.

8. The Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: <u>January 24, 2015</u>          *s/ Paul A. Magnuson*
                                                   Paul A. Magnuson
                                                   United States District Court Judge